IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN MARRERO,

    Petitioner,            No. CIV S-08-1853 FCD DAD P

    vs.

RICHARD B. IVES, Warden,         ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

        Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, he alleges that he was tried and convicted in the United States District Court for the Northern District of Illinois for conspiracy to commit robbery affecting interstate commerce, robbery affecting interstate commerce, and use of a firearm during

the commission of a crime of violence.  On August 5, 2002, the United States Court of Appeals for the Seventh Circuit affirmed petitioner's conviction.  Petitioner alleges that he subsequently moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied his motion.  He further alleges that he then requested a certificate of appealability, but both the district court and the Seventh Circuit denied his request.  (Pet. at 1-2.)

**THE PETITION**

Petitioner asserts the following claims in his petition:

**GROUND ONE:**  Whether the Gov. allowed petitioner to be extradited and [illegible] before the grand jury based on perjured testimony, false evidence, misstatement of the laws and foul tactics especially for federal jurisdiction.

* * *

**GROUND TWO:** Whether the government drafted information/indictment which was hollow that allowed large free hand to manipulate/influence the grand jury's vote that was supported partially by consciously perjured testimony, manufactured/fabricated, false evidence, misstatement of the law and foul tactics especially to meet the nexus for federal jurisdiction.

* * *

**GROUND THREE:** Whether petitioner was denied his constitutional right to confront the witnesses against him.

* * *

**GROUND FOUR:** Whether every attorney that represented the petitioner was ineffective.

* * *

**GROUND FIVE:** Whether petitioner should be denied a (COA) on his 2255 denial when he never received any order from the District Court informing him that his 2255 was denied.

* * *

**GROUND SIX:** Whether the petitioner was denied his constitutional rights to clarify his 2255.

(Pet. at 3-7.)

**ANALYSIS**

I. The Court Lacks Jurisdiction

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue." See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Here, although petitioner filed the instant petition on a § 2241 habeas form, he is attempting to challenge the legality of his conviction, not the manner, location, or conditions of the execution of his sentence. Generally, a federal prisoner contesting the legality of his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case would be the United States District Court for the Northern District of Illinois. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).

However, § 2255 contains an "escape hatch" or "savings clause" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>. (emphasis added)

28 U.S.C. § 2255(e).

A prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective" to test his incarceration. Ivy, 328 F.3d at 1059. This exception, however, is a narrow one. For example, § 2241 is not available simply because the court of appeals refuses to certify a second or successive petition under the provisions of § 2255. Id. A petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

Here, petitioner has failed to demonstrate that his remedy under § 2255 is "inadequate or ineffective." Although petitioner refers to himself at times as an innocent man, he does not claim that he did not engage in the conduct upon which his conviction rests. Nor does he make any showing whatsoever of factual innocence. See Nousley v. United States, 523 U.S. 614, 623 (1998) (actual innocence refers to factual innocence and not mere legal insufficiency).

In addition, even if petitioner had asserted an actual innocence claim, he does not claim that he was denied a reasonable opportunity to present such a claim. In determining whether petitioner had an "unobstructed procedural shot" to pursue an actual innocence claim, this court must consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claims after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 254 (2008). Here, petitioner does not argue that there has been any material change in the applicable law in his case. Moreover, as the Ninth Circuit has explained, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. Petitioner acknowledges that he filed a § 2255 motion in 2004 in the United States District Court for the Northern District of Illinois, which that court denied. Thus, petitioner has had an unobstructed opportunity to raise his claims in the sentencing court. Accordingly, this court concludes that because petitioner has failed to show that § 2255 provides an "inadequate or ineffective remedy," he is not entitled to invoke this court's jurisdiction under § 2241.

II. The Petition Should Be Dismissed

As noted above, as the sentencing court it is the United States District Court for the Northern District of Illinois which has jurisdiction to hear petitioner's § 2255 motion. However, the interests of justice would not be served by transferring this action to that court. See 28 U.S.C. § 1631; see also Hernandez, 204 F.3d at 865, n.6 ( 28 U.S.C. § 1631 allows transfer of

§ 2255 motion to cure want of jurisdiction). Specifically, even if petitioner had filed the instant § 2255 motion in the Northern District of Illinois, that court would lack jurisdiction over the motion as well because petitioner must first obtain authorization from the Seventh Circuit to file a "second or successive" § 2255 motion. See 28 U.S.C. § 2255(h).

In addition, the instant § 2255 motion appears time-barred. Taylor v. Social Security Administration, 842 F.2d 232, 233 (9th Cir. 1988) (in determining whether "to transfer an action pursuant to section 1631, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed"). Under § 2255, a motion must be filed within one year of the final judgment of conviction. See 28 U.S.C. § 2255(f); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one year limitation period starts to run when the time for seeking such review expires."); Rule 13, Supreme Court Rules (a petition for a writ of certiorari is timely when filed within 90 days after the United States Court of Appeals enters judgment). Here, the Seventh Circuit affirmed petitioner's conviction in 2002, and he did not seek review in the United States Supreme Court. Petitioner did not file the instant motion until 2008. Petitioner does not indicate any grounds for a delayed commencement of the statute of limitations or any basis for tolling of the statute of limitations. It appears that the instant motion was filed well after the statute of limitations expired. Accordingly, the court concludes that petitioner's § 2241 petition construed as a § 2255 motion should be dismissed.

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's August 11, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted;

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed;

2. All pending motions in this case be denied as moot; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 20, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
marr1853.156